UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROBIN GOLDSBORO, on behalf of
herself and those similarly situated,

        Plaintiff,

v.                                Case No:  2:13-cv-808-FtM-38DNF

COCONUT JACK'S WATERFRONT
GRILLE LLC; MELISSA FLOYD, and
BRADFORD LEWIS,

        Defendants.
_____/

**ORDER**[1]

    This matter comes before the Court on Plaintiff Robin Goldsboro and Defendants Coconut Jack's Waterfront Grille LLC, Melissa Floyd, and Bradford Lewis' Joint Stipulation of Dismissal With Prejudice (Doc. #28) filed on April 4, 2014.  This matter was brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201m *et seq.* and Florida law for recovery of unpaid overtime compensation and minimum wages and declaratory relief.  (Doc. #1).

    The parties advise the Court that Plaintiff's claims have been resolved without compromise.  (Doc. #28).  The Court, therefore, need not review the settlement for

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other Web sites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the Court has no agreements with any of these third parties or their Web sites. The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

fairness.  See Lynn's Food Stores, Inc. v. United States Dep't of Labor, 679 F.2d 1350, 1352 (11th Cir. 1982); King v. My Online Neighborhood, Inc., No. 6:06-cv-435-Orl-22JGG, 2007 WL 737575, at *3 (M.D. Fla. Mar. 7, 2007) ("Where the employer offers the plaintiff full compensation on h[er] FLSA claim, no compromise is involved and judicial approval is not required.") (citation omitted).

Additionally, Federal Rule of Civil Procedure 41(a)(1)(A) allows a plaintiff to dismiss an action without a court order by "a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A)(ii).  Here, the parties stipulate to dismiss this matter with prejudice; and there is a stipulation of dismissal signed by all parties who have appeared in this matter.  (Doc. #28).  Thus, the case is dismissed with prejudice.

Accordingly, it is now

**ORDERED:**

1. Plaintiff's Complaint (Doc. #1) is hereby **DISMISSED with prejudice**.
2. The Clerk of Court is directed to enter judgment accordingly, terminate all pending motions and previously scheduled deadlines, and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida this 8th day of April, 2014.

*/s/ Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record